# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| ELOY ROJAS MAMANI, et al., | **Case No. 08-21063-Civ-(JORDAN)** |
| Plaintiffs, | |
| vs. | |
| GONZALO DANIEL SÁNCHEZ DE LOZADA SÁNCHEZ BUSTAMANTE, | |
| Defendant. | |
| ELOY ROJAS MAMANI, et al., | **Case No. 07-22459-Civ-(JORDAN/MCALILEY)** |
| Plaintiffs, | |
| vs. | |
| JOSÉ CARLOS SÁNCHEZ BERZAÍN, | |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING APPEAL AND PLAINTIFFS' MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS**

**TABLE OF CONTENTS**

**Page Number**

I.    INTRODUCTION ................................................................................................... 1

II.    BOLIVIA'S EXPRESS WAIVER OF IMMUNITY RENDERS DEFENDANTS' APPEAL ON IMMUNITY GROUNDS FRIVOLOUS. ..................................................... 1

III.    BECAUSE DEFENDANTS' APPEAL ON THE IMMUNITY ISSUES IS FRIVOLOUS, THIS COURT RETAINS JURISDICTION AND SHOULD NOT STAY PROCEEDINGS. ........................................................................................................ 5

IV.    CONCLUSION ...................................................................................................... 7


## TABLE OF AUTHORITIES

**Page Number**

**FEDERAL CASES**

*Andre v. Castor*, 963 F. Supp. 1169 (M.D. Fla. 1997) ................................................................... 6

*Apostol v. Gallion,* 870 F.2d 1335 (7th Cir. 1989) ........................................................................ 5

*Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*,
　179 F.3d 1279 (11th Cir. 1999) ................................................................................................ 1

*Arthur Andersen, LLP v. Carlisle*, 129 S. Ct. 1896 (2009).............................................................. 5

*Behrens v. Pelletier*, 516 U.S. 299 (1996) ...................................................................................... 5

*Blinco v. Green Tree Servicing*, *LLC*, 366 F.3d 1249 (11th Cir. 2004)........................................... 6

*Capital Ventures Intern. v. Republic of Argentina*, 552 F.3d 289 (2d Cir. 2009) .......................... 1

*Chuman v. Wright,* 960 F.2d 104 (9th Cir. 1992).......................................................................... 5

*Coyle v. P.T. Garuda Indon.*, 363 F.3d 979 (9th Cir. 2004)........................................................... 4

*In re Doe*, 860 F.2d 40 (2d Cir. 1988) ........................................................................................... 2

*In re Grand Jury Proceedings, Doe No. 700*, 817 F.2d 1108 (4th Cir. 1987)................................ 3

*Paul v. Avril*, 812 F. Supp. 207 (S.D. Fla. 1993).......................................................................... 3

*Proyecfin de Venez., S.A. v. Banco Indus. de Venez., S.A.*,
　760 F.2d 390 (2d Cir. 1985)...................................................................................................... 2

*Republic of Iraq v. Beaty*, 129 S.Ct. 2183 (2009)...................................................................... 3, 4

*Rodriguez v. Transnave Inc.*, 8 F.3d 284 (5th Cir. 1993) .............................................................. 3

*Stewart v. Donges,* 915 F.2d 572 (10th Cir. 1990) ....................................................................... 5

*Walker Int'l Holdings Ltd. v. Republic of Congo*,
　395 F.3d 229 (5th Cir. 2004) .................................................................................................... 2

*Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 929 (7th Cir. 2008),
　*cert. dismissed*, 129 S. Ct. 28 (2008) ........................................................................................ 4

*World Wide Minerals, Ltd. v. Republic of Kazakhstan*,
　296 F.3d 1154 (D.C. Cir. 2002)................................................................................................ 2

*Yates v. City of Cleveland,* 941 F.2d 444 (6th Cir. 1991) .............................................................. 5

*Yousuf v. Samantar*, 552 F.3d 371(4th Cir.), *cert granted* 130 S. Ct. 49 (2009)............................ 2

**OTHER AUTHORITIES**

15A Wright, Miller & Cooper, *Federal Practice and Procedure* (2009) ........................................ 5

## I. INTRODUCTION

Defendants' Motion to Stay Pending Appeal ("Motion") is premised on the notion that Defendants are entitled as of right to interlocutory review of this Court's denial of their motion to dismiss on grounds of head of state immunity and the Foreign Sovereign Immunities Act ("FSIA"), and that their notice of appeal on the immunity questions thus deprives this Court of jurisdiction over the case.  That premise is wrong.  This Court correctly rejected Defendants' immunity claim on the grounds that Bolivia expressly and unequivocally waived Defendants' immunity, thus foreclosing the immunity defense in this litigation.  Under an unbroken line of precedent, Bolivia's express waiver renders Defendants' appeal on the immunity questions frivolous.  The legal and factual attacks on Bolivia's waiver that Defendants advance in their Motion are wholly without merit.  Given the frivolous nature of the appeal, this Court is not divested of its jurisdiction and the Motion should be denied.  Furthermore, consistent with procedures that have been widely endorsed by courts nationwide, this Court should certify Defendants' appeal on their immunity defenses as frivolous.

## II. BOLIVIA'S EXPRESS WAIVER OF IMMUNITY RENDERS DEFENDANTS' APPEAL ON IMMUNITY GROUNDS FRIVOLOUS.

This Court's denial of Defendants' motion to dismiss on head of state immunity and FSIA grounds was based squarely on Bolivia's express waiver of immunity.  Specifically, the Court observed that "[h]ead-of-state immunity generally does not apply to a former head of state if it has been waived by the current government," (Order at 19), and that any potential immunity under the FSIA did not apply since such immunity had likewise been waived, (Order at 21).

There is no equivocation or ambiguity in Bolivia's waiver of Defendants' immunity, which states as follows:[1]

---

[1] "An express waiver under section 1605(a)(1) must give a 'clear, complete, unambiguous, and unmistakable' manifestation of the sovereign's intent to waive its immunity." *Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1292 (11th Cir. 1999) (citation omitted); *Capital Ventures Intern. v. Republic of Argentina*, 552 F.3d 289, 293 (2d Cir. 2009).  The purpose of an "explicit" waiver requirement "is to preclude inadvertent, implied, or constructive waiver in cases where the intent of the foreign state is equivocal or ambiguous." *Capital Ventures*, 552 F.3d at 293.

1

> The Republic of Bolivia has the honor to refer to the civil suit that is currently pending in the Federal Court of the United States of America, against Gonzalo Sánchez de Lozada Sánchez Bustamante and José Carlos Sánchez Berzain. . . . [I]f there were any possible immunity, that one or both defendants, may claim with respect to the actions filed in this case, either under the laws of the United States of America, International Law or another source, by virtue of having acted in their official capacity as high authorities of the Government of Bolivia at the time of the events alleged in the complaint, or for having taken actions in the supposed legitimate exercise of official attributes, the Republic of Bolivia hereby *expressly waives any immunity* asserted or attempted by the defendants.

[D.E. 85-5 at 7] (emphasis added).

Every court to have considered an express waiver of this kind has found that it waived immunity under FSIA or the head-of-state immunity doctrine. *See, e.g.*, *Proyecfin de Venez., S.A. v. Banco Indus. de Venez., S.A.*, 760 F.2d 390, 393 (2d Cir. 1985) (finding an explicit waiver where the waiver mentioned New York courts); *Walker Int'l Holdings Ltd. v. Republic of Congo*, 395 F.3d 229, 234 (5th Cir. 2004) (finding an explicit waiver under the FSIA where a contract read "[t]he Congo hereby irrevocably renounces to claim any immunity during any procedure relating to any arbitration decision handed down by an Arbitration Court"); *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1162 & n.13 (D.C. Cir. 2002) (finding an "express waiver[] of sovereign immunity" where the waiver said "[i]n respect of any arbitration or legal action or proceedings arising out of or in connection with this Agreement, . . . [the Kazakhstan State Committee] hereby irrevocably agrees not to claim and hereby irrevocably waives . . . immunity for itself and the assets of the Republic of Kazakhstan to the full extent permitted by the laws of such jurisdiction"); *In re Doe*, 860 F.2d 40, 45 (2d Cir. 1988) ("by issuing the waiver, the Philippine government has declared its decision to revoke an attribute of their former political positions; namely, head-of-state immunity.").[2]

---

[2] The fact that some aspects of FSIA immunity are unresolved, including questions of whether former foreign officials are even covered by the statute, Motion at 6 (citing *Yousuf v. Samantar*, 552 F.3d 371(4th Cir.), *cert granted* 130 S. Ct. 49 (2009)), is irrelevant to this case because of the express waiver.

2

In sum, Plaintiffs have found no case, and Defendants have offered none, to support a claim to head-of-state or FSIA immunity in the face of an express waiver such as that filed by Bolivia in this case. Because courts uniformly have held that express waivers result in a lack of immunity, appealing such a holding is frivolous.[3]

Defendants nevertheless contend that "courts of appeals routinely take jurisdiction of interlocutory appeals of immunity defenses even after a clear finding that the claimed immunity has been waived or abrogated." Motion at 7. But the cases that Defendants cite do not support this assertion.

*Rodriguez v. Transnave Inc.*, 8 F.3d 284 (5th Cir. 1993), involved interlocutory review of an *implied* waiver that was based on "(1) [the defendant's] 'voluntary appearance' in a lawsuit in which it had not been formally served or sued, (2) the act of removal to federal court, and (3) [the defendant's] participation in trial preparations for two years before filing a motion to dismiss." *Id*. at 287. The Fifth Circuit "decline[d] to penalize [defendant] by finding an implicit waiver of foreign sovereign immunity on these facts." *Id*. at 288.

*Republic of Iraq v. Beaty*, 129 S.Ct. 2183, 2195 (2009), has nothing to do with a foreign

---

[3] Defendants suggest that a foreign government's waiver of immunity of former leaders who were ousted from power should be discounted. Motion at 6. This argument has been rejected repeatedly. As this Court noted (Order at 19-20), the argument was made and rejected in *Paul v. Avril*, 812 F. Supp. 207, 211 (S.D. Fla. 1993), which concluded: "[i]mmunity is a grant in a sense awarded at the sovereign's discretion. Defendant has cited no authority leading one to believe the extraction of that immunity would not also be a matter of discretion." Defendants' argument also was rejected by the Fourth Circuit in a case involving the former leader of the Philippines, Ferdinand Marcos. The court there observed:

> This system [of waiver of head of state immunity] may indeed be somewhat "uncivilized," as the Marcos' suggest, because it may degrade ex-rulers who happen to fall out of favor with their former constituents or political successors. But the system suggested by Mr. and Mrs. Marcos would be at least as uncivilized, for it would allow disfavored ex-rulers to mock the existing government by claiming immunity in the name of that government.

*In re Grand Jury Proceedings, Doe No. 700*, 817 F.2d 1108, 1111 (4th Cir. 1987). In short, "because it is the state that gives the power to lead and the ensuing trappings of power--including immunity--the state may therefore take back that which it bestowed upon its erstwhile leaders." *Doe*, 860 F.2d at 45.

3

government's waiver of immunity.  The question in that case was whether *Congress* had abrogated Iraq's immunity from suit under the "state sponsors of terrorism" exception to the FSIA, (*id*. at 2186), and the effect of actions by the U.S. president to suspend sanctions against Iraq, (*id*. at 2195).

C*oyle v. P.T. Garuda Indon.*, 363 F.3d 979 (9th Cir. 2004), offers no utility to Defendants either.  The question there was whether a waiver of immunity applied to a particular, complex set of case-specific facts.  *Id*. at 984-85.  In particular, to resolve the waiver issue, the court had to consider the application of the Warsaw Convention to the circumstances of the case.  *Id*. at 985-993.  In addition, the court had to consider the application of the "commercial exception" to the FSIA in the circumstances of the case.  Herein Defendants do not and cannot point to any complex issues of treaty law or statutory intention that might affect the applicability of Bolivia's express waiver.

Finally, Defendants' reliance on *Ho-Chunk Nation* is misplaced.  The portion of the decision to which the Defendants cite involved an issue *unrelated to immunity.  Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 929 (7th Cir. 2008), *cert. dismissed*, 129 S. Ct. 28 (2008) (finding whether Compact between State and the Ho-Chunk Nation provided the State with a cause of action under 25 U.S.C. § 2710(d)(7)(A)(ii) to be an unsettled question of law).  In the *immunity-related* portion of the decision that Defendants ignore, the Seventh Circuit concluded that it did not have jurisdiction to address the immunity claim because immunity had been expressly waived, thus rendering Defendant's challenge legally meritless.  *Id.* at 938.

Defendants' factual assertions in support of their appeal on the immunity issues also are meritless.  Defendants erroneously maintain that the Bolivian Government that waived their immunity ousted them in "a *coup d'état*."  Motion at 6.  Even if this assertion were relevant to the legal impact of the express waiver, there is no evidence in the record to support it.  On the contrary, the record shows that the current government in Bolivia, which waived Defendants' immunity, did not come into power until two years after Defendants fled the country.  [D.E. 81-8 at p. 5 of 12.]  The record also shows that Defendant Sánchez de Lozada's Vice-President, Carlos Mesa, not the current government, assumed command of the country following Sánchez de Lozada's departure.  [D.E. 81-4 at FOIA-011.]  In fact, "Mesa presided over the change of the military high command in November 2003 and [] supported efforts to try former officials accused of human rights abuses."  *Id*.  After the end of Mesa's administration, the current

4

government was democratically elected in a landslide election. [D.E. 81-8 at p. 5 of 12.].[4]

In short, Defendants provide no credible legal or factual argument to overcome the fundamental problem with their appeal on the immunity issues: it is patently frivolous in light of the Bolivian Government's express waiver of their immunity.

### III. BECAUSE DEFENDANTS' APPEAL ON THE IMMUNITY ISSUES IS FRIVOLOUS, THIS COURT RETAINS JURISDICTION AND SHOULD NOT STAY PROCEEDINGS.

When a district court certifies that a frivolous appeal has been filed, the court "retain[s] jurisdiction pending summary disposition of the appeal." *Behrens v. Pelletier*, 516 U.S. 299, 310 (1996). As the Supreme Court explained, "this practice, which has been embraced by several circuits . . . minimizes disruption of the ongoing proceedings." *Id.*; *see also Arthur Andersen, LLP v. Carlisle*, 129 S. Ct. 1896, 1901 (2009) ("Appellate courts can streamline the disposition of meritless claims and even authorize the district court's retention of jurisdiction when an appeal is certified as frivolous.").

Importantly, a number of federal circuits have endorsed the practice of certification of appeals as frivolous in immunity cases.[5] And at least one district court in the Eleventh Circuit

---

[4] Defendants suggest this Court mistakenly construed the State Department's acceptance of Bolivia's waiver as "approval" of this litigation. Motion at 7. That is not so. This Court merely noted that Bolivia's waiver was received and recognized by the United States government. Order at 20; D.E. 107-1 (letter to former Secretary of State Condoleeza Rice from the Embassy of Bolivia pronouncing "an express waiver . . . of any immunity asserted or attempted by [the defendants]); D.E. 107-2 (letter from John B. Bellinger, III, Legal Advisor, United States Department of State accepting waiver of immunity). The Court also noted that the "United States has declined to take a position in this case." Order at 7. In short, this Court gave the State Department's views no more weight than they deserved. It in no way intimated that the State Department approved of this litigation.

[5] *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir. 1989) (where defendants claim qualified immunity "a district court may certify to the court of appeals that the appeal is frivolous and get on with the trial"); *Chuman v. Wright,* 960 F.2d 104, 105 (9th Cir. 1992) ("while a proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial, a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction [if] a district court . . . certif[ies] in writing that the appeal is frivolous or waived."); *see also Yates v. City of Cleveland,* 941 F.2d 444, 448-449 (6th Cir. 1991); *Stewart v. Donges,* 915 F.2d 572, 576-577 (10th Cir. 1990); 15A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3901 (2009)**.**

5

has, in the immunity context, granted a "Motion to Certify the Defendants' Appeal as Frivolous." In *Andre v. Castor*, 963 F. Supp. 1169, 1170-71 (M.D. Fla. 1997), the court concluded that it "has power to certify as 'frivolous' and 'for purposes of delay' a notice of appeal based on qualified immunity" grounds and did so, granting the plaintiff's motion to that effect.

Plaintiffs submit that this Court should do the same and grant their motion to certify Defendants' immunity appeal as frivolous. This is a paradigmatic case for designation of an immunity appeal as frivolous, given that all cases involving an express waiver of immunity have had an identical outcome: the elimination of the immunity defense. To burden the Eleventh Circuit with an appeal on the immunity issues here is the very definition of frivolous.

To be sure, the Eleventh Circuit has not expressly endorsed the practice of district court certification of appeals as frivolous. Accordingly, if this Court believes that it is not formally authorized to grant Plaintiffs' certification motion, it should follow the procedures of *Blinco v. Green Tree Servicing*, *LLC*, 366 F.3d 1249 (11th Cir. 2004). There, the Eleventh Circuit addressed the jurisdiction of district courts following interlocutory appeals from a denial of a motion to compel arbitration that a district court considers frivolous. In such cases, the Eleventh Circuit set forth the following procedures:

> When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous. If the district court denies the motion to stay, then the appellant may file a motion to stay in this Court. If this Court determines that the appeal is non-frivolous, then this Court should stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration.

*Id.* at 1253.

Although the Eleventh Circuit in *Blinco* noted that "[t]he concern about frivolous appeals is equally applicable to appeals from the denial by a district court of entitlement of a government official to immunity," 366 F.3d at 1252, it did not state the procedures it outlined for dealing with frivolous appeals in the arbitration setting should apply in the immunity setting. However, if this Court believes that it should follow the *Blinco* procedures in lieu of granting Plaintiffs' motion to certify the appeal as frivolous, it should simply deny Defendants' stay motion. Under *Blinco*, denial of the stay motion would maintain this Court's jurisdiction. The Court's jurisdiction would be divested only if the Defendants asked the Eleventh Circuit to stay proceedings in this

6

Court and to certify their immunity appeal as nonfrivolous, and the Eleventh Circuit then agreed that the appeal is nonfrivolous.

## IV. CONCLUSION

For reasons set forth above, Defendants' Motion for a Stay Pending Appeal should be denied and Plaintiffs' Motion For Certification of Defendants' Appeal As Frivolous should be granted.

Dated: January 19, 2010             Respectfully submitted,

By: _____/s/ Ira J. Kurzban_____

Ira J. Kurzban (Fla. Bar No. 225517)
KURZBAN, KURZBAN, WEINGER & TETZOLI, P.A.
Plaza 2650
2650 SW 27th Avenue, 2nd Floor
Miami, FL 33133
Tel: (305) 443-4675
Fax: (305) 444-3503
E-mail: ira@kkwtlaw.com

*Attorneys for Plaintiffs*

*Attorneys for Plaintiffs*

Judith Brown Chomsky (*pro hac vice*)
CENTER FOR CONSTITUTIONAL RIGHTS
Post Office Box 29726
Elkins Park, PA  19027
Tel:  (215) 782-8367
Fax:  (215) 782-8368
E-mail: jchomsky@igc.org

Jennifer Green
Beth Stephens (*pro hac vice*)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
Seventh Floor
New York, NY 10012
Tel:   (212) 614-6431
Fax:  (212) 614-6499
E-mail: jgreen@ccr-ny.org

David Rudovsky (*pro hac vice*)
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
718 Arch Street, Suite 501 South
Philadelphia, PA 19016
Tel: (215) 925-4400
Fax: (215) 925-5365
E-mail: drudovsk@law.upenn.edu

James L. Cavallaro (*pro hac vice*)
Tyler R. Giannini (*pro hac vice*)
INTERNATIONAL HUMAN RIGHTS CLINIC, Human Rights Program
Harvard Law School
Pound Hall 401, 1563 Massachusetts Avenue
Cambridge, MA 02138
Tel: (617) 495-9362
Fax: (617) 495-9393
E-mail: jcavalla@law.harvard.edu
E-mail: giannini@law.harvard.edu

Paul Hoffman
SCHONBRUN, DE SIMONE, SEPLOW, HARRIS & HOFFMAN, LLP
723 Ocean Front Walk
Venice, CA 90201
Tel: (310) 396-0731
Fax: (310) 399-7040
E-mail: hoffpaul@aol.com

Steven H. Schulman (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel:  (202) 887-4000
Fax: (202) 887-4288
E-mail: sschulman@akingump.com

Michael C. Small (*pro hac vice*)
Jeremy F. Bollinger (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA  90067
Tel:  (310) 229-1000
Fax: (310) 229-1043
E-mail: msmall@akingump.com
E-mail: jbollinger@akingump.com

**CERTIFICATE OF SERVICE**

        I hereby certify that on January 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 /s/ David Kirvan
                                             David Kirvan

## SERVICE LIST

Mark P. Schnapp, Esq.
Eliot Pedrosa, Esq.
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, FL 33131
(305) 579-0743
schnappm@gtlaw.com
pedrosac@gtlaw.com

Kevin M. Downey
Ana C. Reyes
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
kdowney@wc.com
areyes@wc.com

Alan M. Dershowitz
Jack Landman Goldsmith III
1563 Massachusetts Avenue
Cambridge, MA 02138
(617) 495-4617 (Dershowitz)
(617) 495-9170 (Goldsmith)
dersh@law.harvard.edu
jgoldsmith@law.harvard.edu