UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NOS. 07-22459-CIV-JORDAN & 08-21063-CIV-JORDAN

| | |
|---|---|
| ELOY ROJAS MAMANI, et al., | ) |
| Plaintiffs | ) |
| vs. | ) |
| JOSE CARLOS SANCHEZ BERZAIN, and GONZALO DANIEL SANCHEZ DE LOZADA SANCHEZ BUSTAMANTE | ) |
| Defendants | ) |

**ORDER GRANTING MOTION FOR STAY PENDING APPEAL AND DENYING MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS**

For the reasons which follow, the defendants' motion for stay pending appeal [D.E. 138 in Case No. 07-22459 and D.E. 122 in Case No. 08-21063] is GRANTED and the plaintiffs' motion to certify the defendants' appeal as frivolous [D.E. 148 in Case No. 07-22459 and D.E. 132 in Case No. 08-21063]. The clerk shall file a copy of this order in both cases.

This case involves tort claims against the former Bolivian President and Minister of Defense for alleged violations of international law arising during their tenure in office in Bolivia. On November 25, 2009, I granted in part and denied in part the defendants' motion to dismiss this case, and in so doing denied their claims of head-of-state immunity and immunity under the Foreign Sovereign Immunities Act ("FSIA"). On December 9, 2009, the defendants filed an appeal of the November 25 order [D.E. 137 in Case No. 07-22459 and D.E. 121 in Case No. 08-21063]. On January 19, 2010, the plaintiffs filed their opposition to the defendants' motion to stay and moved the court to certify the defendants' appeal as frivolous.

The denial of a claim of immunity is immediately appealable under 28 U.S.C. § 1291. *See Butler v. Sukhoi* Co., 579 F.3d 1307, 1311 (11th Cir. 2009) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 372 (6th Cir. 2009)). Additionally, a stay of proceedings is necessary while immunity claims are appealed. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Brown v. Crawford County, Ga.*, 960 F.2d

1002, 1009-10 (11th Cir. 1992) (chastising lower court for pushing case through discovery and trial preparation when potentially valid immunity defense existed).

As the plaintiffs have acknowledged, the Eleventh Circuit has not explicitly adopted the practice of district court certification of appeals as frivolous. Moreover, another circuit that has adopted this practice "admonished district courts to act with restraint in using their power to certify the frivolity of an appeal," specifically noting that appeals for immunity "would be eviscerated if district courts . . . could too easily certify even potentially meritorious appeals as frivolous." *See McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1030-31 (7th Cir. 1992).

In this case, the defendants' appeal on immunity is not frivolous. The Eleventh Circuit has not addressed the questions of whether head-of-state immunity applies to former government officials or whether a new government can waive head-of-state immunity for former government officials. As such, the defendants' appeal of the denial of their immunity remains "potentially meritorious." *See McMath*, 976 F.2d at 1030. Furthermore, in an order filed contemporaneously with this order, I have certified the November 25, 2009 order denying in part the defendants' motion to dismiss. Thus, even if the defendants' immunity claims are frivolous, a stay still would be necessary during appeal of their remaining claims, if the Eleventh Circuit decides to hear the appeal.

For the foregoing reasons, the defendants' motion for stay pending appeal [D.E. 138 in Case No. 07-22459 and D.E. 122 in Case No. 08-21063] is GRANTED.

DONE and ORDERED in chambers in Miami, Florida, this 16th day of March, 2010.

*[signature]*
Adalberto Jordan
United States District Judge

Copy to:   All counsel of record.