UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NOS. 07-22459-CIV-JORDAN & 08-21063-CIV-JORDAN

| | |
|---|---|
| ELOY ROJAS MAMANI, et al., | ) |
| Plaintiffs | ) |
| vs. | ) |
| JOSE CARLOS SANCHEZ BERZAIN, and GONZALO DANIEL SANCHEZ DE LOZADA SANCHEZ BUSTAMANTE | ) |
| Defendants | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

For the reasons which follow, the defendants' motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b) [D.E. 139 in Case No. 07-22459 and D.E. 123 in Case No. 08-21063] is GRANTED. The clerk shall file a copy of this order in both cases.

This case involves the alleged targeted killings of unarmed and non-violent civilians by the Bolivian military at the behest of or under the direction of the Bolivian President and Minister of Defense during an armed civil uprising. On November 25, 2009 I issued an order granting in part and denying in part the defendants' motion to dismiss. The defendants now have moved for certification for interlocutory appeal of that order pursuant to 28 U.S.C. § 1292(b). The defendants highlight three denied grounds of dismissal on which they base their request: (1) the political question doctrine; (2) the act-of-state doctrine; and (3) the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. I believe that each of these issues is appropriate for certification. If the Eleventh Circuit grants interlocutory appeal based on any of these issues, it may review not just these issues, but the order as a whole. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Certification is proper when a district judge enters an otherwise unappealable order and believes (1) that "such order involves a controlling question of law as to which there is substantial ground for differences of opinion;" and (2) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." *See* 28 U.S.C. § 1292(b). Here, the defendants are also appealing as of right the denial of their immunity claims. The Eleventh Circuit

therefore may determine it has pendent jurisdiction because the denial of dismissal under the political question doctrine, act-of-state doctrine, and ATS is "inextricably intertwined" with the denial of the defendants' immunity claims. *See King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1379 (11th Cir. 2009). Should the Eleventh Circuit determine that these issues are not "inextricably intertwined," the order denying the defendants' motion to dismiss on the basis of the three doctrines at issue here would not be otherwise appealable. *See Lauro Lines s.r.l v. Chasser*, 490 U.S. 495, 495 (1989). Thus, in an abundance of caution, the defendants have moved for certification for interlocutory appeal on these issues.

### I. CONTROLLING ISSUES OF LAW WITH SUBSTANTIAL GROUNDS FOR DIFFERENCES OF OPINION

A controlling issue of law is "a question of the meaning of the statutory or constitutional provision, regulation or common law doctrine" that is a question "of pure law" which "the court of appeals can decide quickly and cleanly without having to study the record." *See McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). Additionally, the issue must be "controlling of at least a substantial part of the case." *Id.* at 1264.

This case contains several contentious controlling issues of law, any one of which could dispose of the case. Furthermore, each of these issues is subject to substantial grounds for differences of opinion.

### A. POLITICAL QUESTION DOCTRINE

The first issue well-poised for interlocutory review is whether this action is barred by the political question doctrine. To be barred by the political question doctrine, a case generally must posses one of six characteristics: (1) a textually demonstrable constitutional commitment of the issue to a coordinate political department; (2) a lack of judicially discoverable and manageable standards; (3) the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; (4) the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; (5) an unusual need for unquestioning adherence to a political decision already made; or (6) the potentiality of embarrassment from multifarious pronouncements by various departments on one question. *See Baker v. Carr*, 369 U.S. 186, 217 (1962).

This case involves the alleged targeted killings of unarmed civilians by the Bolivian military during an armed civil uprising. Under the political question doctrine, whether judicially manageable standards exist to judge the actions of a foreign military responding to an armed uprising is necessarily a question of law. Because application of the political question doctrine determines whether a justiciable question exists, resolution of this question has the potential to resolve the entire case. Thus, this issue is controlling. Furthermore, there are no cases directly on point, and there are substantial grounds for disagreement as to whether judicially manageable standards exist in this context. *Compare Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1288 (11th Cir. 2009) (no judicially manageable standards exist to determine whether a military truck accident constituted negligence because doing so would involve second-guessing the United States' military judgements) *with McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1364 (11th Cir. 2007) (judicially manageable standards exist to determine whether a military airplane crash constituted negligence because the determination would not require reviewing the United States' military decisions) *and Mujica v. Occidental Petroleum Corp.*, 381 F.Supp.2d 1164, 1193 (C.D. Cal. 2005) (court had the legal tools to evaluate claim that the Columbian Air Force, along with a corporate defendant, bombed a village and killed innocent civilians in violation of binding international law norms).

### B. Act-of-State Doctrine

The act-of-state doctrine presents a second area well-suited for interlocutory review in this case. Courts consider three factors to determine whether the act-of-state doctrine applies: (1) the degree to which consensus has been reached regarding a particular area of international law; (2) the potential significance of any implications that the issue may have on the foreign relations of the United States; and (3) whether the government that perpetuated the challenged act is still in power. *See Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 428 (1964). Of these factors, the first is a question of pure law, in that it requires a synthesis of international law as opposed to consideration of any facts in the case. Because the act-of-state doctrine – like the political question doctrine – can render a case non-justiciable, this is issue is controlling.

Substantial grounds for disagreement exist on this issue. When briefing the act-of-state doctrine, the parties submitted declarations of dueling experts with different theories on whether a

consensus in international law existed as to the alleged actions of the Bolivian military. Additionally, various courts have taken different views on whether the act-of-state doctrine applies to acts of a foreign military that allegedly violate international law. *Compare Kadic v. Karadzic*, 70 F.3d 232, 250 (2nd Cir. 1995) ("it would be a rare case in which the act of state doctrine precluded suit under [the ATS]") *and Nat'l Coalition Gov't of the Union of Burma v. Unocal, Inc.*, 176 F.R.D. 329, 353 (C.D. Cal. 1997) ("in the context of jus cogens violations of international law, which are, by definition, internationally denounced, the high degree of international consensus severely undermines defendants' argument that [the] alleged activities should be treated as official acts") *with Belhas v. Ya'alon*, 400 F.Supp.2d 86 (D.D.C. 2005) ("Plaintiffs' claims would require the Court to adjudicate sensitive issues of a political nature that would offend notions of international comity. The fact that plaintiffs have alleged *jus cogens* violations does not change things.").

The second of the act-of-state factors, the potential significance of any implications that the issue may have on the foreign relations of the United States, also is subject to substantial grounds for disagreement. Judgment on this factor, however, involves an investigation into the record on the issue of the foreign relations between the United States and Bolivia and as such is not a question of "pure law" that "the court of appeals can decide quickly and cleanly without having to study the record." *See McFarlin*, 381 F.3d at 1258.

### C. ALIEN TORT STATUTE

Finally, this case involves claims for allegedly extrajudicial killings and crimes against humanity under the ATS. The ATS' "independent judicial recognition of actionable international norms . . . [is] subject to vigilant doorkeeping" and requires "judicial caution." *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 725-29 (2004). Whether "actionable international norms" exist governing extrajudicial killings of civilians by a military during an armed conflict is a question of law. Furthermore, the ATS provides the basis for federal jurisdiction in this case. Should the Eleventh Circuit determine no international norms exist in this context, the basis for federal jurisdiction would evaporate and the pendent state claims could be dismissed. *See* 28 U.S.C. § 1367(c). As such, this issue of law is controlling. Moreover, substantial grounds for disagreement exist on this issue as well. *Compare Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 122 (2nd Cir. 2008) (no international norm against disproportionate force in armed conflict exists with

4

sufficient specificity to state a claim under the ATS) *with Alejandro v. Republic of Cuba*, 996 F.Supp. 1239, 1248 (S.D. Fla. 1997) (Cuban Air Force committed extrajudicial killings when it shot down unarmed, civilian airplanes on a humanitarian mission in international waters).

### III.  MATERIAL ADVANCEMENT OF TERMINATION OF LITIGATION

This case will involve extensive and lengthy international discovery, much of which has not yet begun.  It involves ten named plaintiffs, 400 alleged victims, and countless witnesses, many of whom live in Bolivia.  Each of the issues outlined above is either expressly jurisdictional or, in the case of ATS, provides the basis for jurisdiction in this case.  Resolution of any of these issues could preclude litigation in this case.  As such, resolution of these issues now may materially advance the ultimate termination of the litigation.

### IV.  CONCLUSION

For the foregoing reasons, the defendants' motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b) [D.E. 139 in Case No. 07-22459 and D.E. 123 in Case No. 08-21063] is GRANTED.

DONE and ORDERED in chambers in Miami, Florida, this 16th day of March, 2010.

_____
Adalberto Jordan
United States District Judge

Copy to:     All counsel of record.