UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ELOY ROJAS MAMANI, et al.,

Plaintiffs,

vs. Case No. 07-22459-CIV/COHN

JOSE CARLOS SANCHEZ BERZAIN,

Defendant.
_________________________________________/

ELOY ROJAS MAMANI, et al.,

Plaintiffs,

vs. Case No. 08-21063-CIV/COHN

GONZALO DANIEL SANCHEZ DE LOZADO SANCHEZ BUSTAMANTE,

Defendant.
_________________________________________/

**ORDER GRANTING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND TO STAY CASE**

**THIS CAUSE** is before the Court on Defendants' Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Stay Pending Appeal [DE 206 in Case No. 07-22459, 188 in Case No. 08-21063][1] ("Motion"). The Court has carefully considered the Motion, Plaintiffs' response in opposition [DE 209, 191], Defendants' Reply [DE 210, 192], the record in the case, and is otherwise fully advised in the premises.

[1] Hereafter, all references to docket entry numbers will correspond first to Case No. 07-22459 and second to Case No. 08-21063.

## I. BACKGROUND

This consolidated case concerns the Bolivian government's alleged massacre of its own civilians during a period of civil unrest in Bolivia in 2003. Plaintiffs—nine Bolivian residents and citizens—are the relatives of eight Bolivian civilians allegedly deliberately killed by Bolivian soldiers in Bolivia. Plaintiffs' claims stem from the belief that two former high-ranking Bolivian government officials—the former President, Gonzalo Daniel Sánchez de Lozada Sánchez Bustamante and the former Minister of Defense, José Carlos Sánchez Berzaín—masterminded the violent military campaign that led to Plaintiffs' relatives' deaths, all in an effort to quell public opposition to their unpopular political agenda. In their Second Amended Complaint, Plaintiffs sought to hold Defendants personally liable for compensatory and punitive damages under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 note, and for wrongful death under Bolivian law. On May 20, 2014, this Court granted in part and denied in part Defendants' motion to dismiss. See DE 203, 185 ("May 20, 2014 Order"). Specifically, the Court dismissed Plaintiffs' claims for extrajudicial killings (Count I) and crimes against humanity (Count III) under the ATS for lack of subject-matter jurisdiction. The May 20, 2014 Order allowed Plaintiffs' claims under the TVPA and Bolivian law to proceed.

In the instant Motion, Defendants seek to certify two issues from the Court's May 20, 2014 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants also seek a stay of these proceedings pending the Eleventh Circuit's review. Plaintiffs oppose the Motion.

## II. DISCUSSION

Title 28 U.S.C. § 1292(b) provides:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b). The Eleventh Circuit has held that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts. . . . The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).

In the Motion, Defendants contend that the May 20, 2014 Order presents two controlling questions of law which meet the standard for certification: (1) whether exhaustion precludes Plaintiffs' TVPA claim; and (2) whether Plaintiffs have sufficiently alleged secondary liability for extrajudicial killings under the doctrine of command responsibility. Motion at 6.[2] Defendants assert that both of these questions are purely legal and, if either is resolved in Defendants' favor, "would likely lead to dismissal of

---

[2] Citations to page numbers for both the Motion and Response are to the page numbers in CM/ECF rather than the parties' pagination.

Plaintiffs' remaining federal claim" and "prevent years of burdensome discovery and litigation." Id. at 7. Moreover, Defendants argue that this case is particularly well-suited for interlocutory appeal because of the foreign policy implications at play. Id. Defendants also urge the Court to stay this case pending appeal to avoid the burdensome discovery this case will require in the event the appeal renders such discovery moot. Id.

Plaintiffs oppose the Motion, arguing that neither of Defendants' proposed questions meet the standard for certification. Response at 2. Plaintiffs contend that whether Plaintiffs' humanitarian aid from the Bolivian government precludes Defendants' liability under the TVPA is not a pure question of law because judging the adequacy of the humanitarian aid involves "scrutiny of the facts unique to this case and further development of the factual record." Id. Plaintiffs also assert that this question fails to present a substantial ground for difference of opinion and that resolution of this question would not materially advance the litigation. Id. at 2-3. Likewise, whether Plaintiffs have pled sufficient facts to state a claim for extrajudicial killing under a command responsibility theory is also not a pure question of law, does not provide substantial grounds for difference of opinion, and a successful appeal would not advance the litigation because the Court would still need to address Plaintiffs' supplemental theories of extrajudicial killing liability. Id. at 3. Plaintiffs thus urge the Court to deny the Motion in its entirety. For the reasons discussed below, the Court disagrees and will grant the Motion.

A controlling issue of law is "a question of the meaning of the statutory or constitutional provision, regulation or common law doctrine" that is a question of "pure

law" which "the court of appeals can decide quickly and cleanly without having to study the record." McFarlin, 381 F.3d at 1258. This issue must be "controlling of at least a substantial part of the case." Id. at 1264. The Court believes that both the questions presented by Defendants represent controlling issues of law, either of which could dispose of the case.

First, whether the exhaustion provision of the TVPA precludes Plaintiffs' claims is undoubtedly a controlling question of law. As Defendants point out, this issue involves a question of statutory interpretation: whether Plaintiffs' TVPA claim is precluded where they have already recovered payments from the Bolivian government, but have received no recovery from the specific defendants they seek to hold liable. See Motion at 8. Plaintiffs argue that this issue presents a question of fact which is not suitable for certification. See Response at 5. But, the issue presented for certification is not whether the Plaintiffs received adequate compensation, but rather whether receiving any compensation at all from the Bolivian government precludes them from holding Defendants liable under the TVPA. To resolve this purely legal question, the Court looked to the statutory text, legislative history, and principles of both international and United States law. The Court acknowledges, however, that there is no case law directly on point and that there are substantial grounds for disagreement as to how the exhaustion provision should be interpreted. Moreover, if Defendants prevail upon this exhaustion issue, it would undoubtedly preclude their TVPA claim and would be dispositive of the case, thus preventing burdensome and costly discovery. Accordingly, this issue is suitable for certification.

Although it is a much closer issue,[3] the Court also finds that whether Plaintiffs have adequately pled command responsibility is also an issue suitable for certification. This case does not involve application of facts to "well-accepted law." See McFarlane, 381 F.3d at 1262 (holding that whether plaintiffs failed to plead their RICO claims with sufficient particularity, as required by Fed. R. Civ. P. 9(b) was not an issue suitable for certification). Rather, this case presents an issue of first impression: "whether allegations such as Plaintiffs are sufficient to satisfy the elements of command responsibility in the context of a modern military operation." See Motion at 14.

Specifically, to establish that Defendants are secondarily liable under the command responsibility doctrine, Plaintiffs must allege: "(1) the existence of a superior-subordinate relationship between the commander and the perpetrator of the crime; (2) that the commander knew or should have known, owing to the circumstances at the time, that his subordinates had committed, were committing, or planned to commit acts violative of the law of war; and (3) that the commander failed to prevent the commission of the crimes, or failed to punish the subordinates after the commission of

---

[3] Whether Plaintiffs' factual allegations are sufficient to state a claim for liability under a command responsibility theory necessarily involves the application of "law to the particular facts of a pleading in a specific case." See McFarlin, 381 F.3d at 1262. Moreover, as Plaintiffs point out, whether Plaintiffs have adequately pled command responsibility is not necessarily dispositive of the case because, on remand, this Court would still need to address Plaintiffs' alternative theories of vicarious liability, agency, and conspiracy which were not reached in the May 20, 2014 Order. See Response at 14. Nonetheless, because "appellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court," and this Court has already found one issue proper for certification, the Eleventh Circuit may review this and any other issue raised in the May 20, 2014 Order. McFarlin, 381 F.3d at 1255 (quoting Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996)).

the crimes." Ford v. Garcia, 289 F.3d 1283, 1286 (11th Cir. 2002). Defendants argue that Plaintiffs cannot meet the knowledge requirement because they have failed to "allege that Defendants knew that nonviolent *civilians* unrelated to the uprising or who had been caught in the crossfire had died." Motion at 16 (footnote omitted). Defendants similarly contend that Plaintiffs cannot meet the failure-to-act requirement because they were forced to leave Bolivia soon after the violence ended and the window during which the violence remained ongoing was too narrow to allow investigation of civilian deaths and punishment of those responsible. Id. at 17. The Court believes that a controlling issue of law exists as to what type of facts are necessary to satisfy these two elements of the command responsibility doctrine. Resolution of this issue, although likely not dispositive of the litigation, would materially advance the case by significantly narrowing the issues remaining upon remand. Thus, certification of this issue is also proper.

Finally, because the Court will certify two issues for interlocutory appeal, the Court agrees with Defendants that this case should be stayed pending appeal. As discussed above, discovery in this case would be complex, time consuming, and expensive. Given that at least one issue certified on appeal may be dispositive of the case in its entirety, the interests of judicial economy would best be served by a stay of this case. Moreover, the Plaintiffs will suffer minimal prejudice from a further delay of this case pending appeal.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Certification for Interlocutory Appeal Under 28 U.S.C. §

1292(b) and Stay Pending Appeal [DE 206 in Case No. 07-22459, 188 in Case No. 08-21063] is **GRANTED**;

2. The Court hereby certifies the following issues for interlocutory appeal:

   a. Whether exhaustion precludes Plaintiffs' TVPA claim; and

   b. Whether Plaintiffs have sufficiently alleged secondarily liability for extrajudicial killings under the doctrine of command responsibility;

3. These cases are **STAYED** pending appeal; and

4. The clerk is directed to administratively close these cases.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 18th day of August, 2014.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.