# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| ELOY ROJAS MAMANI, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GONZALO DANIEL SÁNCHEZ DE )<br>LOZADA SÁNCHEZ BUSTAMANTE, )<br>)<br>Defendant. )<br>) | **Case No. 08-21063-CV-COHN** |
| ELOY ROJAS MAMANI, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOSÉ CARLOS SÁNCHEZ BERZAÍN, )<br>)<br>Defendant. )<br>) | **Case No. 07-22459-CV-COHN** |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................................................1

I.    Mr. Canelas Will Be Available to Testify at Trial ..............................................................1

II.   The Court May Consider the 2017 Declaration of Victor Hugo Canelas Zannier in Ruling on Defendants' Motion for Summary Judgment........................................................2

CONCLUSION.................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*HB Dev., LLC v. W. Pac. Mut. Ins.*,
    86 F. Supp. 3d 1164 (E.D. Wash. 2015) ............................................................................. 4, 5

*Karpenski v. Am. Gen. Life Cos.*,
    999 F. Supp. 2d 1218 (W.D. Wash. 2014) .............................................................................. 3

*Lopez v. NTI, LLC*,
    748 F. Supp. 2d 471 (D. Md. 2010) .................................................................................... 1, 2

*United States v. Four Parcels of Real Prop.*,
    941 F.2d 1428 (11th Cir. 1991) (en banc) ............................................................................... 3

**Statutes**

28 U.S.C. § 1746 (2012) ................................................................................................................ 2

**Other Authorities**

Federal Rule of Civil Procedure 43(a) .......................................................................................... 1

Federal Rule of Civil Procedure 56(c)(4) ..................................................................................... 2

Federal Rule of Evidence 801(d)(2) .............................................................................................. 2

Southern District of Florida Local Rule 16.1(e) ........................................................................... 4

**INTRODUCTION**

In response to this Court's January 17, 2018 Order, Plaintiffs file this Sur-Reply to answer the two questions posed by the Court:

1.  Whether the Court may properly consider the 2017 Declaration of Victor Hugo Canelas Zannier in ruling on Defendants' Motion for Summary Judgment.

2.  Whether Mr. Canelas will be available to testify at trial and the impact, if any, of Mr. Canelas's availability on the Court's consideration of his 2017 Declaration in ruling on Defendants' Motion for Summary Judgment.

As explained below, Mr. Canelas will be available to testify at trial, and the Court should consider his 2017 Declaration in ruling on Defendants' Motion for Summary Judgment.

**I.   Mr. Canelas Will Be Available to Testify at Trial**

As attested in a new declaration submitted as an exhibit to this Sur-Reply, Mr. Canelas is willing and able to testify at the trial in this case. *See* Ex. JJJJ (Declaration of Victor Hugo Canelas Zannier) (Jan. 19, 2018).[1] He has applied at the U.S. Embassy in Bolivia for a visa to travel to the United States and is awaiting a reply. If he is denied a visa, he is willing to testify by video. *See* Fed. R. Civ. P. 43(a) (permitting trial testimony "by contemporaneous transmission from a different location" under "compelling circumstances"); *see also, e.g.*, *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 479-80 (D. Md.

---

[1] Exhibits cited herein, which were not cited by Defendants, are attached to the Declaration of Joseph L. Sorkin in Support of Plaintiffs' Sur-Reply to Defendants' Reply in Support of Their Motion for Summary Judgment, or the Declaration of Joseph L. Sorkin in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. Each Defense Exhibit cited herein ("Def. Ex.") is attached to the Declaration of Ana C. Reyes in Support of Defendants' Motion for Summary Judgment, or the Declaration of Ana C. Reyes in Support of Defendants' Reply in Support of Their Motion for Summary Judgment.

2010) (holding burden of international travel justified allowing indigent Honduran plaintiffs to testify via videoconference).  Mr. Canelas would also be willing to testify at a trial deposition, as the parties agreed in the Joint Rule 26(f) Report, which states: "The Parties will work on an agreement regarding trial depositions in Bolivia for witnesses who will be unable to attend trial in Florida."  Dkt. 229 (Case No. 08-21063).

II.     **The Court May Consider the 2017 Declaration of Victor Hugo Canelas Zannier in Ruling on Defendants' Motion for Summary Judgment**

Plaintiffs submitted Mr. Canelas's 2017 Declaration in support of their opposition to Defendants' Motion for Summary Judgment.  Mr. Canelas signed the declaration under penalty of perjury on February 1, 2017.  *See* Ex. H (Declaration of Victor Hugo Canelas Zannier) (Feb. 1, 2017); *see also* 28 U.S.C. § 1746 (2012) (authorizing reliance on declarations signed under penalty of perjury).

This Court should consider Mr. Canelas's 2017 Declaration in ruling on the Motion for Summary Judgment because the 2017 Declaration satisfies the three requirements set out by Federal Rule of Civil Procedure 56(c)(4), which requires that a declaration "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  First, the 2017 Declaration is "made on personal knowledge," in that it recounts conversations that Mr. Canelas personally heard. Second, the declaration "sets out facts that would be admissible in evidence," in that the statements Mr. Canelas recounts are not hearsay because they are offered against an opposing party and are either statements of a party opponent, *see* Fed. R. Evid. 801(d)(2)(A), or made by the party's agent or coconspirator during and in furtherance of the conspiracy, *see* Fed. R. Evid. 801(d)(2)(D), (E).  Third, the 2017 Declaration demonstrates that the declarant is competent to testify on the matters stated in that it makes clear that Mr. Canelas was present at the events that

2

he describes and was able to hear and understand the statements that he recounts. *See, e.g.*, Ex. H ¶¶ 4-5 (stating that while present at home of and in the presence of Sánchez de Lozada, he personally heard statements made by Sanchez Berzaín).

Defendants argue that the 2017 Declaration should not be considered because Mr. Canelas did not state that he is willing to testify at trial.[2] Plaintiffs do not accept Defendants' unsupported claim that declarations submitted in opposition to summary judgment may not be considered if the declarant does not explicitly state a willingness to testify at trial. Case law suggests the opposite. Even a verified complaint "may be treated as an affidavit on summary judgment if it satisfies the standards of [Rule 56(c)(4)]." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1444 & n.35 (11th Cir. 1991) (en banc). Rule 56(c)(4) does not impose an obligation that the declaration must state the declarant's willingness to testify at trial in order to be considered on summary judgment, and Defendants are unable to point to a single case that has held otherwise.[3] The issue is moot, however, given that Mr. Canelas has now submitted a second declaration making clear that he is willing to testify at trial and that he is in the process of applying for a visa at the U.S. Embassy in Bolivia to do just that.

Defendants also suggest that some or all of the declarations submitted by Plaintiffs should be disregarded because Plaintiffs declined to respond to Defendants' demand, made in

---

[2] To the extent Defendants also urge this Court to strike the 2017 Declaration because it allegedly contains conclusory allegations, *see* Def. Reply Mem. at n.8, their request should be rejected. "The Court may discount [any] conclusory statements in considering a summary judgment motion and need not strike the declarations in their entirety." *Karpenski v. Am. Gen. Life Cos.*, 999 F. Supp. 2d 1218, 1226 (W.D. Wash. 2014) (rejecting motions to strike declarations in entirety on summary judgment).

[3] Defendants suggest without foundation that other declarants relied upon by Plaintiffs in opposition to Defendants' Motion for Summary Judgment will not appear at trial. *See* Def. Reply Mem. at 16-17. If the Court determines that Plaintiffs have an obligation to document the willingness of their witnesses to testify at trial, Plaintiffs respectfully request an opportunity to submit declarations in which, like Mr. Canelas, each of the declarants affirms a willingness to testify at trial.

3

April and May 2017, that Plaintiffs identify which of their witnesses they planned to rely on for summary judgment and which were likely to appear at trial in Florida.  In response, Plaintiffs explained that they had not yet determined which witnesses they would present at trial—and had no obligation to do so in the midst of discovery[4]—but supplied a list of sixteen witnesses whom they expected to rely on for summary judgment.  *See* Ex. KKKK (Letter from S. Schulman to A. Reyes) (Apr. 11, 2017); Def. Ex. 113 (Letter from S. Schulman to A. Reyes) (May 22, 2017). Mr. Canelas was listed as one of the witnesses willing to be deposed voluntarily.  Defendants did not depose a single one of those witnesses.  The names of all of the declarants, along with their contact information, were properly disclosed to Defendants through Initial Disclosures that were regularly updated.  *See* Def. Ex. 67 (Pls.' Sixth Am. Initial Disclosures).  Mr. Canelas's name and contact information were included in those disclosures.

Further, this is not a case where Defendants were surprised by Mr. Canelas's statements—Plaintiffs produced his 2017 Declaration to Defendants during discovery.[5] Defendants in fact used Mr. Canelas's 2017 Declaration as a basis for questions during third-party depositions.  *See* Def. Ex. 92 at 118:15-122:10 (asking deponent to comment on Mr. Canelas's "character and reputation," and whether "Mr. Canelas is telling the truth" about the contents of his sworn statement).  Defendants knew of Mr. Canelas, and moreover had possession of his 2017 Declaration well in advance, but nevertheless chose not to depose him. Their arguments to exclude his 2017 Declaration fall flat.  *See HB Dev., LLC v. W. Pac. Mut.*

---

[4] As part of the pretrial stipulation, the parties are required to file with the Court their list of trial witnesses no later than seven days prior to the pretrial conference, or if no pretrial conference is held, seven days prior to the call of the calendar.  *See* S.D. Fla. L.R. 16.1(e).  There is no obligation for the parties to identify trial witnesses during the discovery process.

[5] Plaintiffs first produced the 2017 Declaration to Defendants on March 6, 2017 in connection with their first production of documents responsive to Defendants' document requests.

4

*Ins.*, 86 F. Supp. 3d 1164, 1172-74 (E.D. Wash. 2015) (rejecting motion to strike summary judgment declaration where defendants knew of declarant, demonstrated knowledge of declarant's role through deposition questions, and failed to pursue other avenues of discovery).

## CONCLUSION

For all of the above reasons, this Court should properly consider Mr. Canelas's 2017 Declaration because it complies with all of the requirements of Federal Rule of Civil Procedure 56(c)(4) and because Plaintiffs have fully complied with all of their pretrial disclosure obligations.

Dated: January 24, 2018  
       Miami, Florida

Respectfully submitted,

By: */s/ Ilana Tabacinic*  
Ilana Tabacinic (Florida Bar No. 57597)  
AKERMAN LLP  
Three Brickell City Centre  
98 Southeast Seventh Street, Suite 1100  
Miami, FL 33131  
Tel: (305) 374-5600  
Fax: (305) 374-5095  
Email: ilana.tabacinic@akerman.com

*Counsel for Plaintiffs*

*Counsel for Plaintiffs*

| | |
|---|---|
| Ilana Tabacinic (Florida Bar No. 57597)<br>AKERMAN LLP<br>Three Brickell City Centre<br>98 Southeast Seventh Street, Suite 1100<br>Miami, FL 33131<br>Tel: (305) 374-5600<br>Fax: (305) 374-5095<br>Email: ilana.tabacinic@akerman.com | Steven H. Schulman (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue NW<br>Washington, DC 20036<br>Tel: (202) 887-4000<br>Fax: (202) 887-4288<br>E-mail: sschulman@akingump.com |
| Judith Brown Chomsky (*pro hac vice*)<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>Post Office Box 29726<br>Elkins Park, PA 19027<br>Tel: (215) 782-8367<br>Fax: (215) 782-8368<br>E-mail: judithchomsky@icloud.com | Joseph L. Sorkin (*pro hac vice*)<br>Jennifer L. Woodson (*pro hac vice*)<br>Saurabh Sharad (*pro hac vice*)<br>Christine Doniak (*pro hac vice*)<br>Harley Raff (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745<br>Tel: (212) 872-1000<br>Fax: (212) 872-1002<br>E-mail: jsorkin@akingump.com<br>E-mail: jwoodson@akingump.com<br>E-mail: ssharad@akingump.com<br>E-mail: cdoniak@akingump.com<br>E-mail: hraff@akingump.com |
| Beth Stephens (*pro hac vice*)<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>666 Broadway<br>Seventh Floor<br>New York, NY 10012<br>Tel: (212) 614-6431<br>Fax: (212) 614-6499<br>E-mail: beth.stephens@rutgers.edu | Zak Franklin (*pro hac vice*)<br>Erica Abshez Moran (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA 90067<br>Tel: (310) 229-1000<br>Fax: (310) 229-1001<br>E-mail: zfranklin@akingump.com<br>E-mail: emoran@akingump.com |
| David Rudovsky (*pro hac vice*)<br>KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP<br>718 Arch Street, Suite 501 South<br>Philadelphia, PA 19016<br>Tel: (215) 925-4400<br>Fax: (215) 925-5365<br>E-mail: drudovsk@law.upenn.edu | Rubén H. Muñoz (*pro hac vice*)<br>Jason Weil (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Two Commerce Square<br>2001 Market Street, Suite 4100<br>Philadelphia, PA 19103<br>Tel: (212) 965-1328<br>Fax: (215) 965-1210<br>E-mail: rmunoz@akingump.com<br>E-mail: jweil@akingump.com |

| | |
|---|---|
| Paul Hoffman (*pro hac vice*)<br>SCHONBRUN, SEPLOW,<br>HARRIS & HOFFMAN, LLP<br>723 Ocean Front Walk<br>Venice, CA 90201<br>Tel: (310) 396-0731<br>Fax: (310) 399-7040<br>E-mail: hoffpaul@aol.com | Tyler R. Giannini (*pro hac vice*)<br>Susan H. Farbstein (*pro hac vice*)<br>Thomas Becker (*pro hac vice*)<br>INTERNATIONAL HUMAN RIGHTS CLINIC,<br>Human Rights Program<br>Harvard Law School<br>Pound Hall 401, 1563 Massachusetts Avenue<br>Cambridge, MA 02138<br>Tel: (617) 495-9362<br>Fax: (617) 495-9393<br>E-mail: giannini@law.harvard.edu<br>E-mail: sfarbstein@law.harvard.edu<br>E-mail: thomasbainbecker@gmail.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 24, 2018, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.  I also certify that the foregoing documents are being served this day on counsel of record in the attached Service List either via transmission of Notice of Electronic Filing generated by CM/ECF or via e-mail.

                                                                                            */s/ Ilana Tabacinic*
                                                                                             Ilana Tabacinic

**SERVICE LIST**

Ana C. Reyes
Stephen D. Raber
James E. Gillenwater
Suzanne M. Salgado
Giselle Barcia
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000
(202) 434-5029 (facsimile)
areyes@wc.com
sraber@wc.com
jgillenwater@wc.com
ssalgado@wc.com
gbarcia@wc.com

Evan B. Berger
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
(954) 364-6055
(954) 985-4176 (facsimile)
eberger@bplegal.com