UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22459-CIV-COHN/SELTZER
CASE NO. 08-21063-CIV-COHN/SELTZER

ELOY ROJAS MAMANI, et al.,

    Plaintiffs,

v.

JOSÉ CARLOS SÁNCHEZ BERZAÍN,

    Defendant in No. 07-22459,

GONZALO DANIEL SÁNCHEZ DE
LOZADA SÁNCHEZ BUSTAMANTE,

    Defendant in No. 08-21063.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO AKIN GUMP'S REPRESENTATION OF THE GOVERNMENT OF BOLIVIA**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Exclude Reference to Akin Gump's Representation of the Government of Bolivia [DE 357 in Case No. 07-22459; DE 335 in Case No. 08-21063] ("Motion").[1]  The Court has considered the Motion, Plaintiffs' Response and Defendants' Reply, the parties' related submissions, and the record in these cases, and is otherwise advised in the premises.  For the reasons stated below, Plaintiffs' Motion is granted.

---

[1] All docket citations refer to Case No. 07-22459, which was consolidated with Case No. 08-21093 in May 2008.  See DE 68.

1

# **BACKGROUND**[2]

In 1995, during the first presidential term of Defendant Lozada, the Government of Bolivia retained Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as legal counsel in connection with an ongoing plan to capitalize the nation's energy resources. DE 357 at 2-3; DE 380 at 1-2 (the "Legal Representation"). The Legal Representation lasted roughly three years. In 2002, during the second presidential term of Defendant Lozada, the Government again consulted Akin Gump, this time in connection with a proposed (but ultimately unconsummated) agreement for Akin Gump to provide lobbying services in Washington, D.C. (the "Lobbying Proposal," and, together with the Legal Representation, the "Representations"). DE 357 at 2; DE 380 at 5-6. Akin Gump now serves as *pro bono* counsel to Plaintiffs. DE 357 at 1.

During the discovery process in these cases, Defendants served a subpoena upon Akin Gump, seeking documents pertaining to the Representations. Id. They also pursued the topic in several witness depositions. Id. at 2-4. Plaintiffs now move pursuant to Federal Rules of Evidence 402 and 403 to exclude any evidence regarding the Representations. They argue that such evidence is irrelevant, because the Representations have no bearing one way or the other on the issues actually in dispute in these cases: namely, whether the deaths of Plaintiffs' eight specific decedents in October 2003 meet the TVPA's definition of "extrajudicial killing," and, if so, whether Defendants can be held vicariously liable for them. Id. at 4-6. Plaintiffs also maintain that such testimony would prove unduly prejudicial and confusing and is being proffered largely to distract the jury's attention from the disputed issues. DE 389 at 1-4.

---

[2] The Court's Order Denying Defendants' Joint Motion for Summary Judgment contains a comprehensive discussion of the facts of these cases, which will not be repeated here. See DE 408 at 2-24.

Defendants respond that evidence regarding the Representations is "relevant to rebutting Plaintiffs' . . . argument that Defendants sought to use unlawful means to implement the gas exportation plan." DE 380 at 7-8. In other words, Plaintiffs' theory of the case—as Defendants characterize it—holds that the 2003 gas export plan (which precipitated the protests that resulted in Plaintiffs' decedents' deaths) was an improper, perhaps illegal, enterprise undertaken by the administration of Defendant Lozada. Evidence that the Bolivian government obtained legal advice from a reputable international law firm would, accordingly, tend to rebut Plaintiffs' theory.

## **DISCUSSION**

Rule 401 defines relevant evidence as evidence "ha[ving] any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Rule 402 provides that relevant evidence is generally admissible, while irrelevant evidence is inadmissible. Rule 403 provides that relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court finds that evidence regarding the Representations is irrelevant, unduly prejudicial, confusing, and misleading. The Representations have no bearing one way or the other on the question of responsibility for the deaths of Plaintiffs' decedents. While the Court agrees with Defendants that evidence from Plaintiffs regarding the merits of the gas plan, whether the gas plan was lawful, and tending to cast aspersions upon Defendants' motives in pursuing the gas export plan would warrant rebuttal, Plaintiffs represent that Defendants mischaracterize their position and that they do not

intend to adduce such evidence. DE 389 at 2-3. Instead, Plaintiffs maintain that Defendants' wrongdoing was in formulating and implementing a plan to forcefully quell the civil unrest that they anticipated would arise in response to the gas export plan, not in pursuing the gas export plan itself. Id.

The Court takes Plaintiffs at their word that they will hew to this position at trial. However, to avoid any confusion, the Court cautions Plaintiffs that it considers evidence regarding the merits of the gas export plan, the lawfulness of the gas export plan, Defendant's motives in pursuing the gas export plan, or similar questions, to be irrelevant and hence objectionable.[3] Accordingly, there is nothing for Defendants to rebut via evidence of the Representations.

## **CONCLUSION**

In light of the foregoing, it is thereupon **ORDERED AND ADJUDGED** that Plaintiffs' Motion [DE 357 in Case No. 07-22459; DE 335 in Case No. 08-21063] is **GRANTED**. Defendants are precluded from introducing any evidence regarding Akin Gump Strauss Hauer & Feld's prior legal representation of, and proposed lobbying arrangement on behalf of, the Government of Bolivia.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of February, 2018.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF

---

[3] Plaintiffs may of course introduce evidence regarding the existence of the gas export plan, that the gas export plan was a priority for the Lozada administration, that the gas export plan was unpopular with the Bolivian public, and the degree to which Defendants may have anticipated protests in response to the gas export plan.

4